Filed 8/13/20
<u>CERTIFIED FOR PARTIAL PUBLICATION</u>*

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B299844 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA233758) |
| v. | |
| PATRICK JAMES SANTOS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Reversed and remanded.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

---

* Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts II.A and II.B.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

---

Defendant and appellant Patrick James Santos appeals from a postjudgment order denying his petition for resentencing pursuant to Penal Code section 1170.95[1] and Senate Bill No. 1437 (Senate Bill 1437). As relevant here, the statute and Senate bill provide for vacatur of a defendant's murder conviction and resentencing if the defendant was convicted of felony murder and the defendant (1) was not the actual killer, (2) did not act with the intent to kill, and (3) was not a major participant who acted with reckless indifference to human life. (§ 189, subd. (e)(3).)

Santos contends the judge erred by ruling on the petition although he was not the judge who sentenced Santos in the underlying matter, and by summarily denying Santos's petition because (1) Senate Bill 1437 and section 1170.95 are unconstitutional, and (2) Santos failed to make a prima facie showing of eligibility.

The People agree that section 1170.95 and Senate Bill 1437 are not unconstitutional and that Santos made a prima facie showing of eligibility for resentencing, but argue that

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1170.95 does not require the original sentencing judge to rule on the petition.

We reverse and remand for further proceedings consistent with section 1170.95 and this opinion.

# I. PROCEDURAL HISTORY[2]

## A. *Murder Conviction*

In 2005, Santos was convicted of first degree murder under a felony murder theory of liability. (§ 187, subd. (a).) The jury found true firearm allegations (§ 12022.53, subds. (b)–(e)), and the allegation that Santos committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). On November 1, 2005, Judge Michael Pastor sentenced Santos to a term of 25 years to life in prison, plus a consecutive 25-year-to-life term for the firearm enhancement.

We affirmed the conviction in *People v. Santos* (2007) 147 Cal.App.4th 965.

---

[2] We do not include a recitation of the underlying facts of the offense, as the facts are not necessary to our resolution of the issues.

3

## B. Section 1170.95 Petitions for Resentencing

### 1. First Petition for Resentencing

On January 2, 2019, Santos petitioned for resentencing under section 1170.95. He declared that he met all of the requirements for section 1170.95 and was eligible for relief. Santos further declared that he was not a "major participant" in the murder and did not act with "reckless indifference." He requested that counsel be appointed to him.

On March 1, 2019, the People opposed the petition.

On March 11, 2019, the People obtained a continuance to May 2, 2019.

On March 27, 2019, outside the presence of the parties, Judge George Lomeli of Department 107 denied the petition by written order, finding "[f]rom review of the overall record" that Santos was a major participant who acted with reckless indifference for human life, and therefore ineligible for resentencing. As an independent ground for denial, Judge Lomeli found that Senate Bill 1437 was unconstitutional because it impermissibly amended voter initiatives Proposition 7 and Proposition 115, violated Article 1, section 28, subdivision (a)(6) and Article 1, section 29 of the California Constitution, and violated the California separation of powers doctrine.[3]

---

[3] The court appointed counsel, but counsel had not filed a reply at the time Judge Lomeli issued the ruling.

4

## 2. Second Petition for Resentencing

On April 23, 2019, Santos, with the assistance of counsel, filed a second petition for resentencing, and then a memorandum of points and authorities, on May 28, 2019, in Department 110, where Judge Pastor (the original sentencing judge) was assigned. Counsel argued that the first petition was not properly before Judge Lomeli, as section 1170.95, subdivision (b)(1) requires that the petition be ruled upon by the sentencing judge if that judge is available. Judge Pastor had sentenced Santos and was not unavailable.

On June 11, 2019, Judge Lomeli advanced the matter and denied the second petition for resentencing outside the presence of counsel for the reasons stated in the March 27, 2019 denial, and also found that the "original petition was indeed heard before 'the court that sentenced the petitioner,' specifically Department 107, and further, that the supervising judge has designated the bench officer presently in that department to rule on the petition as provided for under Penal Code section 1170.95 (b)(1)."[4]

---

[4] We understand the court's ruling to state the presiding judge's designation of the case to Judge Lomeli's department was made based upon an interpretation of the statute that cases must go to the department where the conviction occurred; the designation was not based upon Judge Pastor's unavailability.

Counsel requested to address the court, and he was permitted to do so in a hearing on July 2, 2019. At the hearing, counsel argued that the plain language of a portion of section 1170.95, subdivision (b)(1)—"If the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition"—meant that the presiding judge must assign the original sentencing judge to rule on the matter unless that judge was unavailable. Counsel argued that Judge Pastor was right down the hallway in Department 110, and therefore available to rule on the petition. The court reiterated and adopted its March 23, 2019 ruling and stated that "[f]ollowing careful consideration of the language contained in the underlying statute, this court is of the opinion that the original petition was indeed heard as the statute provides by the court that sentenced the petitioner, Department 107, which is Judge Pastor's former court." The court added that "[t]he Supervising Judge of the Los Angeles Superior Court Criminal Division has designated this bench officer, this court, presently presiding in Department 107 to rule on the petition as provided for under the Penal Code."

## II. DISCUSSION

On appeal, the parties agree that Senate Bill 1437 and section 1170.95 are not unconstitutional and do not violate the separation of powers doctrine. The parties also agree

6

that Santos "made a prima facie showing that [he] falls within the provisions of . . . section [1170.95]." The only point of disagreement is whether the court also erred in assigning the matter to Judge Lomeli, rather than Judge Pastor, and whether, on remand, section 1170.95 requires that the case be heard by the court that sentenced Santos, or by the judge who sentenced him.

We agree with the parties that the trial court erred in denying Santos's petition based on the constitutional challenges to Senate Bill 1437 and section 1170.95 and on the the merits of Santos's petition. Further, we interpret the statute to require the judge who originally sentenced the petitioner to rule on the petition, unless that judge is unavailable. (§ 1170.95, subd. (b)(1).) Here, the record contains no evidence that Judge Pastor was unavailable. We therefore reverse and remand for further proceedings consistent with this opinion.

## A. *Constitutionality*

The trial court denied Santos's petition on the grounds that Senate Bill 1437 was unconstitutional because it impermissibly amended voter initiatives Proposition 7 and Proposition 115; violated Article 1, section 28, subdivision (a)(6), and Article 1, section 29 of the California Constitution; and violated the California separation of powers doctrine.

7

We agree with the parties that this was error. Multiple courts of appeal have held that Senate Bill 1437 is not unconstitutional for any of these reasons, and we know of no court that has diverged from these cases.  (*People v. Nash* (Aug. 3, 2020, F079509) \_\_\_Cal.App.5th \_\_\_ [2020 WL 4461245]; *People v. Superior Court of Butte County* (2020) 51 Cal.App.5th 896; *People v. Lopez* (2020) 51 Cal.App.5th 589; *People v. Alaybue* (2020) 51 Cal.App.5th 207; *People v. Johns* (2020) 50 Cal.App.5th 46; *People v. Bucio* (2020) 48 Cal.App.5th 300; *People v. Solis* (2020) 46 Cal.App.5th 762, 774–780; *People v. Cruz* (2020) 46 Cal.App.5th 740, 753–759; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 280–284; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 250–251.)  We concur with the results reached in these cases, and as the parties are also in agreement, we do not address the issue further here.

### B.  Merits

Through section 1170.95, Senate Bill 1437 created a petitioning process by which a defendant convicted of murder under a felony murder theory of liability could petition to have his conviction vacated and be resentenced. Section 1170.95 initially requires a court to determine whether a petitioner has made a prima facie showing that he or she falls within the provisions of the statute as set forth in subdivision (a), including that "(1) [a] complaint, information, or indictment was filed against the petitioner

8

that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[,] [¶] (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and] [¶] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (See § 1170.95, subd. (c); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327, review granted Mar. 18, 2020, S260493 (*Verdugo*).) If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition.[5] (*Verdugo, supra*, 44 Cal.App.5th at p. 330.) Determinations of eligibility that require an assessment of the evidence concerning the commission of the petitioner's offense, however, mandate that the trial court appoint counsel and permit the filing of the submissions contemplated by section 1170.95. (*Id.* at p. 332; *Lewis*,

---

[5] For example, if the jury was not instructed on a natural and probable consequences or felony murder theory of liability, the petitioner could not demonstrate eligibility as a matter of law because relief is restricted to persons convicted under one of those two theories. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138–1139, review granted Mar. 18, 2020, S260598 (*Lewis*) [appellate court opinion holding that jury convicted defendant of murder as a direct aider and abettor barred defendant from relief as a matter of law].)

*supra*, 43 Cal.App.5th at p. 1140.) "If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

In this case, prior to briefing by petitioner's counsel, the trial court concluded that "the overall record" precluded Santos from showing that he was not a major participant in the robbery and did not act with reckless indifference to human life. We conclude the record provides no basis for such a determination as a matter of law. Where a petitioner is not ineligible as a matter of law, the court is not permitted to deny the petition based upon an analysis of the facts until the petitioner has had an opportunity to reply to the People's response, with the aid of counsel if requested. (*People v. Smith* (2020) 49 Cal.App.5th 85, 95, review granted July 22, 2020, No. S262835.) This is because "[the] factual record is not the only consideration that the trial court must take into account for purposes of section 1170.95. Where the record of conviction does not preclude a petitioner from making a prima facie showing that he falls within the statute's provisions as a matter of law, the petitioner is not confined to presenting evidence contained in the record of conviction in seeking relief. Section 1170.95 provides 'the petitioner may rely on the record of conviction or offer new or additional evidence to meet [his] burden[].' (§ 1170, subd. (d)(3).)" (*Ibid.*)

Because neither of the trial court's reasons for denying Santos's petition is valid, and it does not appear that he is

10

otherwise ineligible for relief as a matter of law, we conclude that the trial court erred in summarily denying the petition.

## C.  Original Sentencing Judge

The parties' only points of disagreement arise from the following language in section 1170.95, subdivision (b)(1):

"The petition shall be filed with the court that sentenced the petitioner . . . . *If the judge that originally sentenced the petitioner is not available* to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition."  (Italics added.)

The parties deem two terms to be of critical importance—"judge" and "available."  Our inquiry focuses principally on the first of these terms, however, as this was the basis for the trial court's denial.  The court interpreted the term "judge" to mean "court," and concluded that the matter had been assigned to the same "judge" (a.k.a. "court") that had sentenced Santos—Department 107.  The People argue that the trial court's interpretation was correct: section 1170.95, subdivision (b)(1) requires that a petition be heard by the judge presiding in the Department where the petitioner had previously been sentenced, regardless of whether that judge was the same person who sentenced the petitioner.  Santos argues that "judge" means the individual

11

judge who originally sentenced him.  We believe that Santos has the better view.[6]

"We conduct a de novo review of questions of statutory interpretation.  [Citation.]  The fundamental task of statutory interpretation is to determine the Legislature's intent so as to effectuate the law's purpose.  [Citation.]  'We begin with the statute's text, assigning the relevant terms their ordinary meaning, while also taking account of any related provisions and the overall structure of the statutory scheme.  [Citation.]  Essential is whether our interpretation, as well as the consequences flowing therefrom, advances the Legislature's intended purpose.  [Citation.]'  [Citation.] '"Ordinarily, where the Legislature uses a different word or phrase in one part of a statute than it does in other sections or in a similar statute concerning a related subject, it must be presumed that the Legislature intended a different meaning.  [Citation.]"  [Citation.]'  [Citation.]" (*People v. White* (2016) 3 Cal.App.5th 433, 446–447.)

We begin by considering the ordinary meaning of the language of section 1170.95, subdivision (b)(1).  The Merriam-Webster Dictionary defines "judge" as "a public official authorized to decide questions brought before a

---

[6] Both parties focus their arguments on *People v. Rodriguez* (2016) 1 Cal.5th 676 (*Rodriguez*), but in that case the Supreme Court did not consider whether the term "judge" meant "judge" or "court"; there it was presumed by the court and the parties that the word "judge" meant the public official and not the tribunal.

12

court." (Merriam-Webster <http://www.merriam-webster.com> [as of July 24, 2020].) It defines "court" as "a place (such as a chamber) for the administration of justice." (*Ibid.*) The term "court" can also mean "a judge or judges in session." (*Ibid.*) The dictionary does not contain a definition of "judge" that includes the tribunal. Accordingly, the plain language of the statute leads us to conclude that "judge" means the public official.

Additionally, section 1170.95, subdivision (b)(1) employs both the term "court" and the term "judge". Following the canons of statutory construction, we assume that the Legislature intended the terms to have separate meanings. Both words may be used to indicate an individual public official in the judiciary, but only "court" may be used to indicate the tribunal. To give the terms distinct meanings, we necessarily conclude that the Legislature intended that "court" refer to the tribunal and "judge" refer to the public official. We find no merit in the People's argument that the requirement that the petition be filed with the original sentencing court indicates that the Legislature was referring to the court that sentenced petitioner later in the subdivision when it used the word "judge." The requirements are distinct and directed to different individuals: The statute directs the petitioner to file the petition with the original sentencing court; the statute directs the presiding judge of the sentencing court to designate the judge who sentenced petitioner to rule on the filed petition, unless that judge is not available.

13

Finally, the literal meaning of the word "judge" is compatible with the purpose of Senate Bill 1437, which "was enacted[, in part] to correct the unfairness of the felony murder rule . . . ." (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 887.) We reject the People's contention that "the original sentencing judge's familiarity with the underlying facts is of marginal importance" and "has no import to" a petitioner's resentencing. In many cases, including this one, the resentencing court may need to determine whether the petitioner was a "major participant" in the underlying felony that resulted in murder, and determine whether the petitioner acted with "reckless indifference to human life" in commission of the crime. Although both the petitioner and the prosecution are permitted to present additional evidence beyond that introduced at the time of conviction, a judge who is familiar with the facts, evidence, and law already part of the record is better equipped to rule on a petition than a different judge, unfamiliar with the case, who is reviewing a cold record. (See, e.g., *People v. Rodriguez* (2016) 1 Cal.5th 676, 690 [relitigation of a suppression motion]; *Francis v. Superior Court of Los Angeles County* (1935) 3 Cal.2d 19, 28–29 [motion for new trial pursuant to Civil Code, § 661].) The Legislature's intent is best served when the outcome of the petition is determined by a judge who is particularly well-placed to take all the facts and circumstances of the underlying case into account.

14

For all of these reasons, we conclude that the court incorrectly construed section 1170.95, subdivision (b)(1) when it interpreted "the judge that originally sentenced the petitioner" to mean the tribunal that sentenced the petitioner, rather than the individual public official.

In seeking affirmance of the prior assignment of Santos's petition to Judge Lomeli rather than Judge Pastor, the People also argue that the phrase "not available" must be broadly interpreted to give a presiding judge latitude in assigning specific cases to specific trial judges. We are skeptical that the mere fact that a different bench officer is sitting in the original sentencing judge's prior courtroom when the petition is filed satisfies the statutory requirement of unavailability. (See, e.g., *People v. Rodriguez* (2016) 1 Cal.5th 676, 692 ["a showing of more than mere inconvenience is necessary before a judge can be deemed unavailable"]; *People v. Arbuckle* (1978) 22 Cal.3d 749, 757, fn. 5 ["We recognize that in multi-judge courts, a judge hearing criminal cases one month may be assigned to other departments in subsequent months. However a defendant's reasonable expectation of having his sentence imposed, pursuant to bargain and guilty plea, by the judge who took his plea and ordered sentence reports should not be thwarted for mere administrative convenience"].) But the record here contains no evidence that the presiding judge made any determination about Judge Pastor's unavailability; rather, the assignment to Judge Lomeli was based on the incorrect interpretation that a petition must go

15

in the first instance to the *Department* where the petitioner had been sentenced.  Without such a determination by the presiding judge, we have no occasion to consider further the meaning of "not available" and the scope of proper considerations for a presiding judge.

## DISPOSITION

The trial court's order denying Santos's resentencing petition is reversed, and the matter is remanded for further proceedings in accordance with section 1170.95 and this opinion.


MOOR, J.

We concur:



BAKER, Acting P. J.



KIM, J.

16